**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

**DOW CORNING CORPORATION,**

    **Reorganized Debtor.**

No. 00-00001
Honorable Denise Page Hood

**Virginia H. Perez,**

Civil Case No. 05-30523

**v.**

**DCC Litigation Facility Incorporated.**
_____/

## MEMORANDUM OPINION AND ORDER

**I.   BACKGROUND**

This matter is before the Court on the DCC Litigation Facility Inc.'s Motion for Summary Judgment seeking to dismiss Claimant Virginia H. Perez's claim filed in the Master No. 00-00001. The Litigation Facility claims that Claimant failed to timely opt-out of the settlement program before the Settlement Facility-Dow Corning Trust ("Settlement Facility").  No response was filed to the motion.

**II.   ANALYSIS**

The Court retains jurisdiction under the Amended Joint Plan of Reorganization ("Plan") "to resolve controversies and disputes regarding interpretation and implementation of the Plan and the Plan Documents" and "to allow, disallow, estimate, liquidate or determine any Claim, including Claims of a Non-Settling Personal Injury Claimant, against the Debtor and to enter or enforce any order requiring the filing of any such Claim before a particular date." (Plan, Art. 8.7.3 and Art. 8.7.8)

The Plan provides that each Personal Injury Claimant shall be afforded the option, "during

the six-month period following the Effective Date, to elect to settle or to opt out of the settlement options under the Settlement Facility." (Plan, Art. 5.4) The Participation Form gives a Personal Injury Claimant the opportunity to elect to settle or litigate their Claims under the terms of the Settlement Facility Agreement or the Litigation Facility Agreement, as applicable. (Plan, Art. 1.123) The Settlement Fund and Distribution Agreement, Annex A, provides that Claimants have a right to elect to pursue litigation against the Litigation Facility instead of participating in the Settlement Program but "must affirmatively elect to litigate." (SFA, Annex A, Art. 3.02(a)) Personal Injury Claimants "must make their election by completing, signing and returning the Participation Form to the Claims Office on or before the six (6)-month anniversary of the Effective Date ("Election Deadline")." (SFA, Annex A, Art. 3.02(c)(i)) "Claimants who elect litigation must sign the Participation Form." (SFA, Annex A, Art. 3.02(c)(v)) "A Claimant whose Participation Form is rejected because it was not submitted by the Election Deadline may appeal to the Appeals Judge." (SFA, Annex A, Art. 3.02(c)) Because this matter has been brought to the Court's attention, the Court exercises its jurisdiction under the Plan to interpret and enforce the Plan terms. (Plan, Art. 8.7.3 and Art. 8.7.8)

"In interpreting a confirmed plan courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors." *In re Dow Corning Corporation,* 456 F.3d 668, 676 (6th Cir. 2006); 11 U.S.C. § 1141(a) . "State law governs those interpretations, and under long-settled contract law principles, if a plan term is unambiguous, it is to be enforced as written, regardless of whether it is in line with parties' prior obligations." *Id.* "A term is deemed ambiguous when it is 'capable of more than one reasonable interpretation.'" *Id.* (citation omitted). The word "must" means that the requirement is mandatory and not discretionary. *Perotta v. Gregory,* 4

Misc.2d 769, 771, 158 N.Y.S.2d 221, 223 (N.Y. Sup. 1957); *Lazar v. Towne House Rest. Corp.,* 6 N.Y.S.2d 923, 924, 190 N.Y.S.D. 997 (N.Y. 1959).

The plain and ordinary meaning of the word "must" as set forth in Annex A of the Plan requiring claimants to affirmatively elect to litigate and to sign the Participation Form is unambiguous. As noted above, the word "must" means the requirement is mandatory and is not discretionary. Under Annex A of the Plan, the Participation Form must be completed, signed and returned by the Election Deadline. Nothing in the Plan or the Plan Documents allows the Settlement Facility or the Litigation Facility to allow a claimant, who has not submitted a Participation Form at all, to elect to litigate against the Litigation Facility after the November 29, 2004 Election Deadline. Only the Plan Proponents may jointly amend or modify the Plan. (Plan, Art. 11.4) The Plan Proponents' successors have not agreed in this case to modify the Plan or Plan Documents language to allow a claimant to opt-out of the Settlement Facility without submitting a Participation Form beyond the November 29, 2004 Election Deadline.

The Litigation Facility submitted an affidavit signed by Douglas B. Schoettinger in support of its motion. Mr. Schoettinger states that the Claims Administrator of the SF-DCT provided him with a final list of those personal injury claimants who had opted out of the settlement program, as required pursuant t Section 3.02(c)(iv) of the Settlement Facility Agreement, Annex A. Claimant Perez's name is not on the list and no participation form was received from Claimant Perez. (Schoettinger Aff., p. 1)

The Litigation Facility has properly supported its motion that Claimant Perez failed to opt-out from the settlement program before the SF-DCT as required by the Plan. Claimant Perez's claim, if any, must remain before the SF-DCT.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Litigation Facility's Motion for Summary Judgment as to Claimant Who Failed to Opt Out **(In Case No. 00-00001, Doc. No. 51, filed 10/21/2005)** is GRANTED.

IT IS FURTHER ORDERED that Virginia H. Perez's case **(Case No. 05-30523)** is DISMISSED with prejudice.

                                                 */s/ Denise Page Hood*
                                                 DENISE PAGE HOOD
                                                 United States District Judge

DATED: March 31, 2009

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 31, 2009, by electronic means and/or first class U.S. mail.

                                                 S/Sakne Srour
                                                 Deputy Clerk